United States Court of Appeals
Fifth Circuit

**F I L E D**

March 10, 2009

Charles R. Fulbruge III
Clerk

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 08-10709
Summary Calendar

IP FUND 1, INC., et al.

Plaintiffs

v.

MICHAEL E. KELLY, et al.

Defendants

ERNEST BUSTOS

Appellant

v.

SECURITIES AND EXCHANGE COMMISSION

Intervenor - Appellee

Appeal from the United States District Court for the Northern District of
Texas No. 3:07-cv-01556-P

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

On September 5, 2007 the Securities and Exchange Commission filed a
suit in the Northern District of Illinois against Michael E. Kelly alleging that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Kelly perpetrated a scheme that defrauded investors of $450 million through the sale of "universal leases." One week later, IP Fund 1, Inc.—a corporation formed by Appellant Ernest Bustos for the purpose of representing investors against and recovering lost investments from Kelly, and of which Bustos is sole shareholder—sued Kelly in the Northern District of Texas. The suit requested the district court to appoint as temporary receiver Resorts Management Group LLC, a corporation also formed by Bustos and of which he is the registered agent, principal, chairman, and secretary.

The SEC sought to intervene. On December 6, 2007 the district court granted the SEC's motion to intervene, declined IP Fund 1's request to appoint RMG LLC as temporary receiver, and allowed the SEC limited discovery to investigate Bustos' role in selling universal lease investments, in forming IP Fund 1 and RMG LLC, and in requesting that RMG be appointed as temporary receiver.

On December 26, 2007 Bustos filed in his own name a "motion to stay," seeking to vacate the December 6 order. In a March 7, 2008 order, the district court found that Bustos lacked standing to contest the order because he was not a party to the case and struck his motion. Bustos requested reconsideration and on June 19, 2008 the district court struck Bustos' motion for reconsideration. Bustos now appeals.

The SEC argues and we agree that we lack jurisdiction over Bustos' appeal. Under 28 U.S.C § 1291 the orders striking Bustos' motion to stay and motion for reconsideration were not "final." Bustos may seek to intervene under FED. R. CIV. P. 24. Bustos may also challenge any discovery directed at him when he is subpoenaed. Bustos argues that we have jurisdiction under 28 U.S.C. § 1292(b). But the district court made no finding that "an immediate appeal from the order may materially advance the ultimate termination of the

2

litigation" from which we could exercise our discretion to permit appeal. AFFIRMED.